IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:21-CR-73-D
No. 4:25-CV-20-D

PHILLIP SHAMONE MELVIN,                )
                                        )
                    Petitioner,         )
                                        )
        v.                              )     **ORDER**
                                        )
UNITED STATES OF AMERICA,               )
                                        )
                    Respondent.         )

Phillip Shamone Melvin ("Melvin" or "petitioner") moves to vacate, set aside or correct his sentence under 28 U.S.C. § 2255. See [D.E. 80]. On May 16, 2025, the Bureau of Prisons released Melvin from incarceration. See BOP, Inmate Locator, https://www.bop.gov/inmateloc/ (search by inmate number "80410-509") (last visited Dec. 4, 2025); cf. [D.E. 81] (describing President Biden's executive order of clemency for petitioner). Melvin's release from incarceration does not moot his motion because Melvin remains subject to a term of supervised release. See United States v. Ketter, 908 F.3d 61, 64–66 (4th Cir. 2018). Under Rule 4(b) of the Rules Governing Section 2255 Proceedings, the court must examine the motion and dismiss it "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief[.]" Rules Governing Section 2255 Proceedings, R. 4(b). As explained below, the court dismisses the motion.

I.

In October 2019, local, state and federal investigators began investigating Melvin "as a kilogram-level distributor of cocaine and crack cocaine in the Wilmington area of North Carolina."

[D.E. 74] ¶ 8. On December 29, 2021, agents searched Melvin's residence in connection with his arrest, and discovered (among other things) a stolen loaded handgun inside a plumbing access door in the bathroom of Melvin's bedroom, along with 50 rounds of additional ammunition matching the caliber of the firearm in his bedroom, large amounts of narcotics, and $12,505 in U.S. currency. See [D.E. 74] ¶ 11 & Add.

On October 18, 2023, with a plea agreement, Melvin pleaded guilty to one count of conspiracy to distribute and possession with intent to distribute 28 grams or more of cocaine base (crack) and 500 grams or more of cocaine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), 846 and one count of distribution of a quantity of cocaine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C). See [D.E. 67]. In the plea agreement, the government agreed to dismiss the remaining counts of the indictment at sentencing, and the parties stipulated to certain sentencing factors. See [D.E. 67] ¶¶ 4(a), 5; Fed. R. Crim. P. 11(c)(1)(A)–(B).

Before the sentencing hearing, the United States Probation Office prepared Melvin's Presentence Investigation Report ("PSR"). See [D.E. 74]. Probation calculated a base offense level of 28 based on the stipulated drug weight and applied a two-level firearm enhancement under U.S.S.G. § 2D1.1(b)(1). See id. at ¶¶ 56–57. Probation applied a three-level reduction for acceptance of responsibility. See id. at ¶ 65. Thus, Melvin's total offense level was 27. See id. at ¶ 65. Probation identified Melvin's advisory guideline range as 78 to 97 months based on the total offense level of 27 and Melvin's criminal history category II. See id. at ¶ 67. Without the firearm enhancement, Melvin's advisory guideline range would have been 63 to 78 months. See id. at 17. Through counsel, Melvin objected to the firearm enhancement under U.S.S.G. § 2D1.1(b)(1). See [D.E. 71]; PSR Add.

2

On January 17, 2024, the court held Melvin's sentencing hearing. See [D.E. 77, 78, 79]. At the hearing, Melvin's counsel withdrew the objection to the firearm enhancement. See [D.E. 77]. The court thoroughly considered all relevant factors under 18 U.S.C. § 3553(a), sentenced Melvin to concurrent sentences of 90 months' imprisonment and 5 years' supervised release, and advised Melvin of his appellate rights. See [D.E. 77, 78]. Melvin did not appeal.

In his section 2255 motion, Melvin argues that he received ineffective assistance of counsel when counsel "did not consult with [Melvin] regarding the issues that remained unsolved," "refused to file a notice of appeal," and "failed to investigate or challenge the 2 point gun enhancement." [D.E. 80] 4–5. Melvin claimed that he would file a memorandum of law in 60 days but never did. See id.

## II.

In reviewing a section 2255 motion, the court is not limited to the motion itself. The court may consider "the files and records of the case." 28 U.S.C. § 2255(b); see United States v. Dyess, 730 F.3d 354, 359–60 (4th Cir. 2013); United States v. McGill, 11 F.3d 223, 225–26 (1st Cir. 1993); Raines v. United States, 423 F.2d 526, 529–30 (4th Cir. 1970). Likewise, a court may rely on its own familiarity with the case. See, e.g., Blackledge v. Allison, 431 U.S. 63, 74 n.4 (1977).

The "Sixth Amendment entitles criminal defendants to the effective assistance of counsel—that is, representation that does not fall below an objective standard of reasonableness in light of prevailing professional norms." Bobby v. Van Hook, 558 U.S. 4, 7 (2009) (per curiam) (quotations omitted). The Sixth Amendment right to counsel extends to all critical stages of a criminal proceeding, including plea negotiations, trial, sentencing, and appeal. See, e.g., Lee v. United States, 582 U.S. 357, 363–65 (2017); Lafler v. Cooper, 566 U.S. 156, 164–65 (2012); Missouri v. Frye, 566 U.S. 134, 140 (2012); Glover v. United States, 531 U.S. 198, 203–04 (2001).

3

To state a claim of ineffective assistance of counsel in violation of the Sixth Amendment, a defendant must plausibly allege that his counsel's performance fell below an objective standard of reasonableness and that he suffered prejudice as a result. See Strickland v. Washington, 466 U.S. 668, 687–91 (1984); United States v. Mayhew, 995 F.3d 171, 176 (4th Cir. 2021).

Melvin's conclusory allegations do not plausibly allege an ineffective assistance of counsel claim. See Dyess, 730 F.3d at 359; cf. Roe v. Flores-Ortega, 528 U.S. 470, 480 (2000); United States v. Poindexter, 492 F.3d 263, 268 (4th Cir. 2007). Melvin's plea agreement and sentencing hearing bar any claim concerning his understanding of his appellate rights. See [D.E. 67] ¶ 2; [D.E. 77]. Melvin's knowing and voluntary guilty plea resulted in the waiver of all non-jurisdictional defects in the indictment. See, e.g., Tollett v. Henderson, 411 U.S. 258, 266 (1973). Melvin cannot use section 2255 to attack retroactively his advisory guideline range. See, e.g., United States v. Foote, 784 F.3d 931, 935–36 (4th Cir. 2015); United States v. Pregent, 190 F.3d 279, 283–84 (4th Cir. 1999); see also Whiteside v. United States, 775 F.3d 180, 183–87 (4th Cir. 2014) (en banc); United States v. Mikalajunas, 186 F.3d 490, 495–96 (4th Cir. 1999). Alternatively, the court properly applied the enhancement under section 2D1.1(b)(1) and properly calculated the advisory guideline range. See PSR ¶¶ 11, 54–65 & Add.; see, e.g., United States v. Mondragon, 860 F.3d 227, 231 (4th Cir. 2017); United States v. Manigan, 592 F.3d 621, 628–32 (4th Cir. 2016); United States v. McAllister, 272 F.3d 228, 233–34 (4th Cir. 2001); United States v. Harris, 128 F.3d 850, 852–53 (4th Cir. 1997); United States v. Fluid, No. 20-4481, 2022 WL 683360, at *2 (4th Cir. Mar. 8, 2022) (per curiam) (unpublished); U.S.S.G. § 2D1.1 cmt. n.11(A). Thus, there was no deficient performance or prejudice. See, e.g., Bobby, 558 U.S. at 11–12; Strickland, 466 U.S. at 689–700.

4

After reviewing the claims presented in Melvin's motion, the court finds that reasonable jurists would not find the treatment of Melvin's claims debatable or wrong and that the claims do not deserve encouragement to proceed any further. Accordingly, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

III.

In sum, the court DISMISSES petitioner's motion to vacate [D.E. 80] and DENIES a certificate of appealability.

SO ORDERED. This 5 day of December, 2025.

JAMES C. DEVER III
United States District Judge